UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER S. STRECKENBACH,

       Petitioner,

  -vs-

                                                   Case No. 13-C-269

MICHAEL A. DITTMAN,
**Warden, Redgranite Correctional Institution,**

       Respondent.

## DECISION AND ORDER

In 2002, Christopher Streckenbach was convicted of second degree sexual of a child. Years later, Streckenbach was convicted of similar offenses, resulting in the revocation of his extended supervision for the original conviction. Streckenbach petitions the Court for relief under 28 U.S.C. § 2254.

Streckenbach's petition is clearly untimely insofar as it relates to the 2002 conviction. § 2244(d)(1). Regarding the latter convictions, the Wisconsin Court of Appeals refused to address the merits of Streckenbach's motion for plea withdrawal on procedural grounds:

> A defendant seeking to withdraw guilty or no contest pleas by alleging the court's failure to comply with the [*State v. Bangert*, 389 N.W. 2d 12 (1986)] requirements must not only allege the court's failure to inform him of the elements of the offense, the potential penalties and the constitutional rights he waives, but must also allege that the defendant did not know or understand the information that should have been provided at the plea colloquy. The court may deny the motion without an evidentiary hearing if the motion fails to allege the defendant's lack of knowledge or understanding of this information. Streckenbach's motion does not allege any lack of knowledge or understanding of the nature of the charges or his

constitutional rights.

*State of Wisconsin v. Streckenbach*, Case Nos. 2008CF96, 2008CF128 (Aug. 30, 2011), ECF No. 26-4, Habeas Answer Exhibit Page 690. This is an adequate and independent procedural ground, resulting in a procedural default of Streckenbach's plea-related claims. *Johnson v. Thurmer*, 624 F.3d 786, 789 (7th Cir. 2010). As for the balance of Streckenbach's claims, those claims are also procedurally defaulted because Streckenbach failed to bring them through a "complete round of state court review." *Mulero v. Thompson*, 668 F.3d 529, 536 (7th Cir. 2012).

Procedural default precludes federal habeas review unless the petitioner can show cause for the default and prejudice attributable thereto. *Johnson*, 624 F.3d at 789. Streckenbach cannot show cause for failing to raise the non-plea related claims in the lower Wisconsin courts, and he cannot show prejudice with respect to the plea-related claims. As it pertains to the latter, the court of appeals noted that even if it had addressed the merits of Streckenbach's arguments, they would have been rejected because the trial court "adequately established that Streckenbach understood the nature of the offenses and the constitutional rights he waived by pleading no contest." Habeas Answer Exhibit Page 691. This is not contrary to, or an unreasonable application of, Supreme Court precedent on the voluntariness of guilty pleas. *Virsnieks v. Smith*, 521 F.3d 707, 714 (7th Cir. 2008).

Also before the Court are a series of motions, including Streckenbach's motion to appoint counsel. Since Streckenbach's claims are all procedurally defaulted, the interests of justice do not favor appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B).

In connection with this Order, the Court must consider whether to issue a

certificate of appealability. Rule 11(a), Rules Governing Section 2254 Cases. The Court will not issue a certificate because reasonable jurists would not find the Court's ruling debatable or wrong. *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Streckenbach's motion for appointment of counsel [ECF No. 42] is **DENIED**;

2. Streckenbach's motions to strike [ECF Nos. 33, 38] are **DENIED**;

3. Streckenbach's motion for immediate judgment [ECF No. 27] is **DENIED**;

4. Streckenbach's motion to set a briefing schedule [ECF No. 28] is **DENIED**;

5. Streckenbach's motion for an extension of time [ECF No. 36] is **DENIED**; and

6. Streckenbach's petition for a writ of habeas corpus is **DENIED**. The Clerk of Court is directed to enter judgment accordingly, without the issuance of a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 12th day of March, 2014.

          **BY THE COURT:**

          _____
          **HON. RUDOLPH T. RANDA**
          **U.S. District Judge**